UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WAYNE ANTHONY MOORE,

    Petitioner,

vs.                                             Case No.:    3:17-cv-950-J-32MCR
                                                                     3:03-cr-348-J-32MCR

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Wayne Anthony Moore's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. 1).[1] Petitioner argues that his sentence as a career offender under U.S.S.G. § 4B1.1 is unconstitutional in light of Mathis v. United States, 136 S. Ct. 2243 (2016), and Molina-Martinez v. United States, 136 S. Ct. 1338 (2016). Petitioner – who previously filed an unsuccessful motion to vacate – also argues that the restrictions on second or successive motions to vacate are unconstitutional in light of McCarthan v. Dir. of Goodwill Indus.–Suncoast, Inc., 851 F.3d 1076 (11th Cir. 2017) (en banc). The United States responds that Petitioner's motion should be dismissed because it is an unauthorized second or successive motion to vacate. (Civ. Doc. 5). The United States adds that McCarthan has no impact on this conclusion.

---

[1]     Citations to the record in the underlying criminal case, United States of America vs. Wayne Anthony Moore, Case No. 3:03-cr-348-J-32MCR, will be denoted as "Crim. Doc. __." Citations to the record in the civil case, Case No. 3:17-cv-950-J-32MCR, will be denoted as "Civ. Doc. __."

1

As noted, Petitioner has already moved once under 28 U.S.C. § 2255 to vacate his sentence. (See Case No. 3:08-cv-589-J-32MCR, Doc. 1). This Court dismissed the previous motion with prejudice because it was untimely. (Id., Doc. 10). Petitioner tried to appeal the dismissal, but on March 18, 2010, the Eleventh Circuit denied a certificate of appealability. (Id., Doc. 19).

Seven years later, Petitioner filed the instant motion to vacate. However, because Petitioner previously filed a § 2255 motion and it was dismissed as time-barred, he was required to obtain permission from the Eleventh Circuit Court of Appeals before filing it. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Petitioner has neither applied for nor obtained authorization to file the current motion.

Under 28 U.S.C. § 2255, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals…." 28 U.S.C. § 2255(h). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)). Because the Eleventh Circuit has not authorized Petitioner to file a second or successive motion to vacate, the Court lacks jurisdiction over the current § 2255 motion.

The Eleventh Circuit's decision in McCarthan does not change this result. In Felker v. Turpin, the Supreme Court upheld the constitutionality of the requirement

2

that state prisoners obtain permission from the circuit court of appeals before filing a second or successive habeas petition. 518 U.S. 651, 664 (1996). In McCarthan itself, the Eleventh Circuit observed that the same limitation as applied to federal prisoners "must be constitutional" as well. 851 F.3d at 1095; see also Gilbert v. United States, 640 F.3d 1293, 1317 (11th Cir. 2011) (Felker applies with equal force to 28 U.S.C. § 2255(h)'s restriction on second or successive motions to vacate). As such, McCarthan offers Petitioner no relief from the requirement that he obtain permission from the circuit court of appeals before filing a second or successive motion to vacate.

Accordingly, it is hereby

**ORDERED:**

1. The United States' Motion to Dismiss Defendant's Second 28 U.S.C. § 2255 Motion (Civ. Doc. 5) is **GRANTED**.

2. Petitioner Wayne Anthony Moore's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

3. The Clerk shall send Petitioner the proper form to apply to the Eleventh Circuit Court of Appeals for leave to file a second or successive motion to vacate.

4. The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 19th day of April, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:

Counsel of record
Wayne Anthony Moore