# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

WAYNE ANTHONY MOORE,

    Petitioner,

vs.                                          Case No.:    3:17-cv-950-J-32MCR
                                                                       3:03-cr-348-J-32MCR

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Wayne Anthony Moore's Motion for Reconsideration. (Civ. Doc. 8).[1] On April 19, 2018, the Court dismissed Petitioner's Motion to Vacate without prejudice because it was an unauthorized second or successive motion under 28 U.S.C. § 2255. (Civ. Doc. 7). Petitioner contends that the Court erred in dismissing the § 2255 motion because following McCarthan v. Goodwill Indus. – Suncoast, Inc., 851 F.3d 1076 (11th Cir. 2017) (en banc), in which the Eleventh Circuit narrowed the ability of federal inmates to seek habeas relief under 28 U.S.C. §§ 2241 and 2255(e), "the restrictions placed on second or successive § 2255 motions under the AEDPA must be declared unconstitutional." (Civ. Doc. 8 at 1).

Petitioner is merely rehashing an argument the Court already rejected. (See Civ. Doc. 7 at 2-3). Because "[a] motion for reconsideration cannot be used to relitigate

---

[1] Citations to the record in the underlying criminal case, United States of America vs. Wayne Anthony Moore, Case No. 3:03-cr-348-J-32MCR, will be denoted as "Crim. Doc. __." Citations to the record in the civil case, Case No. 3:17-cv-950-J-32MCR, will be denoted as "Civ. Doc. __."

1

old matters," Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (quotation omitted), this alone warrants denying the Motion for Reconsideration. Besides, nothing in the Motion for Reconsideration changes the following vital facts: (1) Petitioner filed a § 2255 motion in 2008, which the Court dismissed with prejudice because it was untimely, (2) Petitioner filed the motion in the instant case under § 2255 in an attempt to challenge the same judgment, (3) Petitioner did not obtain authorization from the Eleventh Circuit Court of Appeals to file the § 2255 motion in the instant case, and (4) in McCarthan itself, the Eleventh Circuit reaffirmed that the restrictions on second or successive motions to vacate are constitutional. 851 F.3d at 1095. See also Felker v. Turpin, 518 U.S. 651, 664 (1996); Gilbert v. United States, 640 F.3d 1293, 1317 (11th Cir. 2011). Therefore, Petitioner's arguments lack merit.

Accordingly, it is hereby ordered that Petitioner's Motion for Reconsideration (Civ. Doc. 8) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 30th day of April, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

Lc 19

Copies:

Counsel of record
Wayne Anthony Moore